FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 30 2020

JAMES W. McCORMACK, CLERK
By: _____
                        DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MISTIE BEAN**                                              **PLAINTIFF**

vs.                             No. 4:20-cv-798-LPR

**WAYNE FARMS, LLC**                                         **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Mistie Bean ("Plaintiff"), by and through her attorneys Thomas Odom and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant Wayne Farms, LLC ("Defendant"), and in support thereof she does hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Ray

## II.   JURISDICTION AND VENUE

3.   The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.   Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged herein; accordingly, this Court has supplemental jurisdiction over the AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.   The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6.   Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

7.   The witnesses to the wage violations herein reside in this District.

8.   The records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III.   THE PARTIES

9.   Plaintiff repeats and re-alleges the preceding paragraphs of this Complaint as if fully set forth in this section.

10.   Plaintiff is a resident and citizen of Pope County.

11.   Defendant is a foreign limited liability company registered to do business in Arkansas.

12.   Defendant's registered agent for service in Arkansas is CT Corporation System at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

13. Defendant maintains a website at https://waynefarms.com/.

## IV.   FACTUAL ALLEGATIONS

14. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

15. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

16. Defendant is a poultry production and processing company.

17. Defendant operates out of facilities across the southeastern United States.

18. Defendant's Arkansas facility is located in Danville.

19. During the time period relevant to this case, Plaintiff was employed at Defendant's facility in Danville.

20. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

22. Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

23. Specifically, Plaintiff is currently employed and has been employed by Defendant since January of 2014 as an EMT/health and safety tech.

24. At all material times, Plaintiff has been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

25. Based upon a review of the payroll documents in Plaintiff's possession, the manner in which Defendant pays Plaintiff defies easy classification under the FLSA.

26. If Defendant classified Plaintiff as a salaried employee, Plaintiff was misclassified because Plaintiff should have been classified as an hourly employee and non-exempt from the overtime provisions of the FLSA.

27. Plaintiff did not have the authority to hire or fire any other employee.

28. Plaintiff was not asked to provide input as to which employees should be hired or fired.

29. Plaintiff did not exercise independent judgment as to matters of significance in carrying out her duties.

30. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning, customarily acquired by a prolonged course of specialized intellectual instruction.

31. Plaintiff was not paid a proper overtime premium for all hours worked in excess of forty (40) per week.

32. Plaintiff was frequently called back into work outside of her regular hours to handle emergencies which sometimes required her to stay overnight in the emergency room with an employee. On these occasions, Plaintiff was not clocked in and these hours therefore went unrecorded and uncompensated.

33. Plaintiff usually worked approximately two (2) to five (5) hours of off-the-clock hours per week.

34. Due to the off-the-clock hours worked by Plaintiff, overtime violations were committed.

35. Defendant knew or should have known that Plaintiff was working hours which went unrecorded and uncompensated.

36. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff violated the FLSA and AMWA.

## V.  FIRST CLAIM FOR RELIEF
### (Claim for Violation of the FLSA)

37. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

38. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

39. Defendant classified or should have classified Plaintiff as non-exempt from the requirements of the FLSA.

40. Defendant failed to pay Plaintiff for all hours worked.

41. Defendant failed to pay Plaintiff an overtime rate of one and one-half times her regular rate for all hours worked in excess of forty hours per week.

42. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

43. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

44. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

45. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VI.   SECOND CLAIM FOR RELIEF
#### (Individual Claim for Violation of the AMWA)

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

48. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

49. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

50. Defendant failed to pay Plaintiff for all hours worked.

51. Defendant failed to pay Plaintiff all overtime wages owed, as required under the AMWA.

52. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

53. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

54. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Mistie Bean respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to her;

B. A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C. A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.,* and the related regulations;

D. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

E. Judgment for damages for all unpaid overtime compensation under the AMWA, Ark. Code Ann. § 11-4-201, *et seq.,* and the related regulations;

F.      Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

G.      Judgment for liquidated damages pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

H.      An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

I.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF MISTIE BEAN**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

_____
Thomas Odom
Ark. Bar No. 2017132
thomas@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com