IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MISTIE BEAN**                                                                                                  **PLAINTIFF**

vs.                                              Case No. 4:20-cv-798-LPR

**WAYNE FARMS, LLC**                                                                           **DEFENDANT**

## PROTECTIVE ORDER

For good cause shown, it is hereby ORDERED that:

1. This Stipulated Protective order ("Order") shall be applicable to discovery in this action and shall govern the use and dissemination of information of a sensitive, confidential, proprietary, or legally protected nature, and the privacy rights of the parties or certain non-parties ("Confidential Information").

2. Confidential Information may include:

   a. Any Document(s) containing confidential personal information, such as social security numbers, contact information, or medical information of Plaintiff; documents relating to the operation and organization of Defendant that may be competitively sensitive; and payroll, personal financial information, personnel files, or other personal information of current or former employees of Defendant who are not parties to this litigation.

   b. Any information such as set forth in (2) (a) herein above as may be, from time to time, produced by either party herein must be declared by that party at the time of production to be "Confidential Information" and

subject to this Order, such designation to be in writing and may be by letter of transmittal to the opposing party; except for (b) general public information and information obtained by a party independent of discovery herein; and (c) any documents known or discovered by a party outside the discovery process.

c. Nothing contained in this Order shall preclude any party from: (i) designating that party's own information as Confidential Information; (ii) using that party's own Confidential Information in the regular course of its business; or (iii) revealing that party's own Confidential Information to whomever it chooses. However, this Paragraph shall not be interpreted as allowing any party to: (i) designate the opposing party's information as Confidential Information; (ii) use the opposing party's Confidential Information in the regular course of business; or (iii) reveal the opposing party's Confidential Information to anyone, except as set forth herein.

3. Any Party or non-party who produces material in the course of discovery in this action may designate such material as Confidential Information if that Producing party believes in good faith that the material contains Confidential Information.

4. To designate a document as one containing Confidential Information, the Producing party must conspicuously mark the word "CONFIDENTIAL" on the face of each document and on each page containing Confidential Information. In the case of electronically stored documents, the Producing party shall affix such a label to the information by using its best efforts to identify the information as Confidential Information.

5. To designate an interrogatory answer as confidential, the answering party must insert the word "CONFIDENTIAL" in brackets at the beginning of each answer claimed to contain Confidential Information.

6. To designate deposition testimony as confidential, the designating party must, within 15 days of receiving the transcript, provide all other parties with a copy marked "CONFIDENTIAL" and an index of the page and line numbers claimed as confidential. Absent an agreement on the record or in writing, or an order of the Court to the contrary, all deposition testimony shall be deemed confidential until 15 days after the deposing party receives a copy of the transcript.

7. A Party shall not be obligated to challenge the propriety of the designation of material as containing Confidential Information at the time made, and failure to do so shall not preclude a later challenge in this action. In order to challenge a designation of material as containing Confidential Information, the Non-Producing party shall give written notice to the Producing Party, and the Parties shall attempt in good faith to resolve any challenges on an informal basis. If the challenge cannot be formally resolved, the Non-Producing Party challenging the designation may seek appropriate relief from the Court through a discovery motion pursuant to the Final Scheduling Order (ECF No. 10), with the burden of proof being on the Producing Party.

8. The Non-Producing Party must treat confidential all information designated as such until the Producing Party removes its designation or a court rules that it is not confidential.

9. The inadvertent failure to designate or withhold any information as confidential will not be deemed to waive a later claim as to its confidential nature, or to

preclude the Producing Party from designating the information as confidential at a later date in writing and with particularity.

10. Confidential Information may not, without written consent of the Producing Party or a court order, be given, shown, made available, or communicated to anyone except the following:

   a. Anyone to whom the Parties agree in writing or the Court orders;
   b. The Parties;
   c. The Parties' counsel, employees or agents who are assisting with this case;
   d. Witnesses who might testify in this case and to whom disclosure is reasonably necessary;
   e. The original author or recipient of the document; and
   f. The Court and court staff.

11. Prior to being given access to Confidential Information, any recipient other than counsel of record or employees of counsel assigned to this matter shall review this Order and sign a copy of the Acknowledgment attached as Exhibit A.

12. A person receiving Confidential Information shall not disclose such information to any person who is not entitled to receive such information under this Order. If Confidential Information is disclosed to any person not entitled to receive disclosure of such information, the person responsible for the disclosure must bring all pertinent facts relating to such disclosure to the attention of counsel for the Producing Party and, without prejudice to other rights and remedies of any party, make a reasonable good faith effort

to retrieve such material and to prevent further disclosure by it or by the person who received such information.

13. Any Confidential Information disclosed in any pleading, motion, deposition transcript, brief, exhibit, or other filing with the Court shall be maintained under seal. To the extent such confidential filing is capable of redaction, the redacted version of the document is to be may on the public docket, upon approval by the designating party.

14. This Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties, or by an order of the Court.

15. Within 90 days after final termination of this action (including all appellate proceedings), and upon the request of the Producing Party, all Confidential Information in possession of the Non-Producing Party or the Non-Producing Party's attorneys, consultants, and agents shall be returned to the Producing Party or destroyed.

16. Notwithstanding any of the foregoing, this order does not govern the use of any information at trial. If a party desires that trial testimony or trial exhibits, or any portion of such things, be sealed or otherwise not subject to the open record, that party must seek a further order from the Court closer to trial.

SIGNED this 18th day of December, 2020.

_____
**LEE P. RUDOFSKY**
**UNITED STATES DISTRICT JUDGE**

## Exhibit A

## ACKNOWLEDGMENT OF PROTECTIVE ORDER
## AND AGREEMENT TO BE BOUND

I have received information marked confidential and understand disclosure of this information is governed by the Protective Order entered in the case, *Mistie Bean v. Wayne Farms, LLC,* pending in the United States District Court for the Eastern District of Arkansas, Central Division. I have read the Protective Order, understand it, and agree to be bound by its terms. I further understand that violating the Protective Order might result in penalties for contempt of court. I submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas in matters relating to the Protective Order. I reserve the right to argue the information is not confidential, but will treat it as though it is confidential until the disclosing party removes the designation, or the Court orders otherwise. I agree not to disclose any confidential information to anyone other than those people to whom disclosure is allowed by the Protective Order.

Name: _____

Signature: _____      Date:_____