# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**MISTIE BEAN**                                                                 **PLAINTIFF**

**v.**                                  **Case No.: 4:20-cv-00798-LPR**

**WAYNE FARMS LLC**                                                            **DEFENDANT**

## <u>ORDER</u>

This case involves claims for failure to pay overtime under the Fair Labor Standards Act (FLSA) and Arkansas Minimum Wage Act (AMWA).  This Court granted Defendant's Motion for Summary Judgment.[1]  Pending before the Court is Defendant's Motion for Costs.[2]  Defendant seeks $1,609.05 in costs for the deposition of Plaintiff Mistie Bean.[3]  For the reasons discussed below, the Motion is GRANTED.

Rule 54(d)(1) of the Federal Rules of Civil Procedure states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."  Costs available include "transcripts necessarily obtained for use in the case."[4]  Unlike attorney's fees, costs "are awarded to a prevailing party as a matter of course . . . ."[5]  Under Eighth Circuit precedent, "[a] prevailing party is presumptively entitled to recover all of its costs."[6]  "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court."[7]  And "[i]t is of course within a court's discretion to deny costs because a

---

[1] Order & J. (Docs. 30, 31).

[2] Def.'s Mot. for Costs (Doc. 32).

[3] *Id.*

[4] 28 U.S.C. § 1920.

[5] *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982).

[6] *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006).

[7] *Lochridge v. Lindsey Mgmt. Co.*, 824 F.3d 780, 783 (8th Cir. 2016) (internal citations and quotation marks omitted).

plaintiff is poor or for other good reason."[8]  The losing party bears the burden of "showing that an award is inequitable under the circumstances."[9]

Here, Plaintiff has not shown that awarding costs would be inequitable.  Plaintiff argues that costs should not be taxed against her because: (1) her claims were brought in good faith, (2) employees should not be punished for bringing good-faith claims against their employers, (3) the public would benefit from allowing aggrieved employees to bring claims without fear of harsh consequences, and (4) there is a (speculative) economic disparity between the parties.[10]

The Court finds none of Plaintiff's arguments persuasive.  The fact that a plaintiff brings her claims in good faith does not immunize her from having to pay costs should her claims fail.  Moreover, the award of costs is not punishment.  Rather, costs are an assumed and predictable risk of litigation.[11]  Defendant requests costs for a single deposition—a small fraction of the expenses incurred in defending against Plaintiff's unsuccessful claims.[12]  This nominal amount is far from the kind of harsh consequences that would deter future aggrieved employees from bringing claims under the FLSA and AMWA.  As the Eighth Circuit has explained, awarding costs to the prevailing party "cannot be seen as chilling the flow of litigation."[13]  The "possibility that a losing party will be required to reimburse the prevailing party for its costs should cause parties to litigation to pause and calculate the risks of pursuing meritless or marginal claims."[14]

---

[8] *Poe*, 695 F.2d at 1108.

[9] *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citations and quotation marks omitted).

[10] Pl.'s Opp'n to Def.'s Mot. For Costs (Doc. 33) at 2.

[11] *Poe*, 695 F.2d at 1108 ("Whereas the magnitude and unpredictability of attorney's fees would deter parties with meritorious claims from litigation, the costs of suit in the traditional sense are predictable and, compared to the costs of attorney's fees, small.").

[12] Reply in Supp. of Def.'s Mot. For Costs (Doc. 34) at 1.

[13] *Lochridge*, 824 F.3d at 782.

[14] *Id.* at 782–83 (quotation marks and citations omitted).

Regarding the speculated economic disparity between the parties, Plaintiff has provided no controlling authority to support her argument that she shouldn't have to pay costs simply because she suspects that Defendant has more financial resources than she has. Plaintiff has the burden to demonstrate that awarding costs would be inequitable. She has provided no evidence that awarding the requested costs to Defendant would cause her undue financial hardship or otherwise be inequitable.

Accordingly, Defendant's Motion is GRANTED. Defendant is awarded costs of $1,609.05.

IT IS SO ORDERED this 28th day of June 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE